600 So.2d 22 (1992)
Charles LAWRINSON and Odessa Lawrinson, husband and wife, Appellants,
v.
J. Kent BARTRUFF, M.D., Appellee.
No. 91-03683.
District Court of Appeal of Florida, Second District.
May 29, 1992.
Rehearing Denied July 2, 1992.
Jack McGill of Law Offices of R. Jackson McGill, P.A., Venice, for appellants.
Ross L. Fogleman III and Claudia Rosenkoetter, of Ross L. Fogleman III, P.A., Sarasota, for appellee.
HALL, Acting Chief Judge.
Charles and Odessa Lawrinson challenge the directed verdict on the issue of causation entered in favor of Dr. Kent Bartruff in their action against him for medical negligence. We reverse.
On May 5, 1986, Charles Lawrinson went to see Dr. Bartruff, a dermatologist, to have him examine a red area on his cheek he thought was a clogged pore. Dr. Bartruff hulled the area and sent a specimen to Dr. Freeman, a pathologist. Dr. Freeman did a study of the specimen and reported to Dr. Bartruff sometime between May 8 and May 27 that it "almost certainly represented a Merkel Cell tumor," a rare, aggressive, and fast-growing form of skin cancer.
By Mr. Lawrinson's follow-up visit on May 27, the area had puffed out a little, *23 was redder, and gradually getting bigger. But, on that visit and on Mr. Lawrinson's follow-up visit on June 23, Dr. Bartruff informed him he was healing well and the area looked fine. By Mr. Lawrinson's next visit on July 21, the area had become multinoduled, causing the entire left side of Mr. Lawrinson's face to become swollen. Dr. Bartruff indicated to Mr. Lawrinson he did not know what to do. Mr. Lawrinson went to another dermatologist, Dr. Chiarello, the next day. Dr. Chiarello immediately sent him to Dr. Baroudi, a surgeon, who performed a radical surgical procedure two days later that removed most of the left side of Mr. Lawrinson's face. Mr. Lawrinson later underwent additional surgery to remove cancer from an area very close to his eyelid that had not been excised during the first surgery. He also underwent radiation treatment.
The Lawrinsons filed a medical negligence action against Dr. Bartruff, alleging that he breached the prevailing professional standard of care of dermatologists by failing to take appropriate action to treat Merkel cell tumor.
The causation issue at the jury trial centered on whether the treatment Mr. Lawrinson underwent in July was more extensive than what he would have undergone if Dr. Bartruff had sent him to a surgeon upon receiving the pathologist's report of Merkel cell tumor in May. Specifically, Mr. Lawrinson contended the delay resulted in a much larger part of his face being excised and in his having to undergo radiation treatment.
The medical testimony was conflicting. All of the doctors, except Dr. Alice Palmer, testified either that the delay did not cause Mr. Lawrinson any injury or damage or that they did not have an opinion on the issue. Dr. Palmer, the Lawrinsons' expert witness, testified the delay did cause Mr. Lawrinson damage:
Q.: Okay. Doctor Palmer, do you have an opinion within reasonable medical probability as to whether or not the delay in receiving the treatment from Doctor Chiarello and Doctor Barudi [sic] from the time period of the initial diagnosis of Merkel cell tumor in May of 1986 until the surgical procedure done in the end of July of 1986 caused any loss, injury or damage to Mr. Lawrinson?
A.: I believe so.
Dr. Bartruff moved for a directed verdict on causation at the close of the Lawrinsons' case. The trial court reserved ruling on the motion. Dr. Bartruff again moved for a directed verdict at the close of all the evidence, but the court apparently again reserved ruling thereon. The jury then returned a verdict finding Dr. Bartruff ninety percent negligent and Mr. Lawrinson ten percent negligent and awarding each of the Lawrinsons $12,500 in damages. Dr. Bartruff renewed his motion for directed verdict, and the trial court granted it, finding there was a lack of evidence that but for the negligent failure to properly diagnose and timely treat Mr. Lawrinson he would not have suffered the injuries complained of.
We find that Dr. Palmer's testimony created enough of a conflict in the evidence to overcome Dr. Bartruff's motion for directed verdict. Such motions "must be denied if the evidence is conflicting or different conclusions can be drawn from it." Azar v. Richardson Greenshields Securities, Inc., 528 So.2d 1266, 1269 (Fla. 2d DCA 1988). The evidence in this case is clearly of that nature. Furthermore, it supports the jury's verdict in that it reveals there was more than a mere possibility Dr. Bartruff's negligence in not immediately sending Mr. Lawrinson to a surgeon resulted in Mr. Lawrinson suffering more injury than if he had seen a surgeon in May. See Gooding v. University Hospital Building, Inc., 445 So.2d 1015 (Fla. 1984).
Thus, we find the trial court erred in directing a verdict in Dr. Bartruff's favor on the issue of causation. Accordingly, we reverse the directed verdict and remand with directions that the jury's verdict be reinstated.
THREADGILL and BLUE, JJ., concur.